Filed 2/9/21  P. v. Boyer CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F079635 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 1484906) |
| ROBIN DUANE BOYER, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]	Before Levy, Acting P.J., Franson, J. and Meehan, J.

# INTRODUCTION

A jury convicted appellant Robin Duane Boyer of involuntary manslaughter (Pen. Code, § 192, subd. (b);[1] count I) for the shooting death of Brandon Pacheco. The jury found true that appellant personally inflicted the fatal injury and he personally used a firearm (§ 12022.5, subd. (a)). He was also convicted of two counts of assault with a firearm (§ 245, subd. (a)(2); counts II & III) stemming from the same incident, and involving the same victim. In these counts, the jury also found true firearm enhancements (§ 12022.5, subd. (a)). Appellant was sentenced to an aggregate prison term of seven years.

Appellant appealed and he raised various issues, including instructional error and prosecutorial misconduct. In our unpublished opinion in *People v. Boyer* (Jan. 18, 2019, F075321), we rejected a majority of his claims. We agreed with the parties, however, that remand was required for the trial court to exercise new sentencing discretion regarding the firearm enhancements. Our independent review also revealed errors appearing in the abstract of judgment. We remanded the matter so the trial court could exercise its new sentencing discretion and to amend the abstract of judgment as appropriate. We otherwise affirmed appellant's judgment.

On February 20, 2019, appellant filed a petition for review with the California Supreme Court. On March 27, 2019, our high court denied that petition.

On June 17, 2019, the trial court declined to exercise its new sentencing discretion to strike or dismiss the firearm enhancement found true in count I.[2] The court also ordered the abstract of judgment to be corrected in compliance with our prior disposition.

---

[1]  All future statutory references are to the Penal Code unless otherwise noted.

[2]  Appellant's sentence was enhanced based on the firearm enhancement found true in count I.

On September 13, 2019, appellant filed a request for judicial notice with this court. We were asked to take notice of the appellate record in *People v. Boyer*, case No. F075321. On October 18, 2019, we granted that request.

On January 17, 2020, appellant's counsel filed a brief with this court that raised no issues, but it asked us to review the record independently. (See *People v. Wende* (1979) 25 Cal.3d 436.) That same day, we advised appellant in writing of his right to file a supplemental brief. Appellant did not file any additional briefing.

We have reviewed the appellate record. We determine that no arguable factual or legal issues exist. (See *People v. Wende*, *supra*, 25 Cal.3d at p. 443.) Accordingly, we again affirm appellant's judgment.

## **DISPOSITION**

The judgment is affirmed.